## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANNE SILVERSTEIN** | **CIVIL ACTION** |
| **VERSUS** | **No. 07-4057** |
| **HELEN JUANITA SILVERSTEIN** | **SECTION I** |

## <u>ORDER AND REASONS</u>

Before the Court is a motion[1] to vacate the consent judgment pursuant to Federal Rule of Civil Procedure 60(d)(3) filed by Katie Constance Silverstein ("Katie") and Rafe Whited Silverstein ("Rafe W."). The motion seeks to set aside the consent judgment[2] entered on September 10, 2008 (the "consent judgment"), through which plaintiff Anne Silverstein ("Anne"), on behalf of herself and her daughter Rachel Ward Silverstein ("Rachel"), and defendant Helen Juanita Silverstein ("Helen") agreed to the disposition of two parcels of real property in which they each had a legal interest.[3] Katie and Rafe W. were not joined in the original action and are not parties

---

[1] R. Doc. No. 28.

[2] R. Doc. No. 27.

[3] *See id.* at 2 ("Anne Silverstein is a special legatee with a lifetime usufructuary interest in the real property of her deceased husband, Rafe Silverstein, Jr. Anne Silverstein . . . has authority to sell or otherwise dispose of said property in which she has a lifetime usufructuary interest."); *id.* at 2–3 ("Rachel Ward Silverstein has a naked ownership of forty percent (40%) of an undivided one-half (1/2) interest in the properties . . . which, along with the remaining sixty (60%) percent, is subject to Anne Silverstein's lifetime usufruct."); *id.* at 3 ("The remaining one half (1/2) interest . . . are owned by the defendant, Helen Juanita Silverstein, with no encumbrances or usufructuary interest.").

to the consent judgment.[4] Their motion to vacate arrives more than seventeen years after the consent judgment was executed.[5]

Pursuant to the consent judgment, Anne and Helen agreed to sell one of the two parcels and divide the other.[6] The consent judgment explains that Anne and Rachel's interests in the parcels arose from the Succession of Rafe Silverstein, Jr. ("Rafe Jr.").[7] Helen's interest in the parcels arose from the Succession of Rafe Silverstein, Sr.[8] The consent judgment also indicates that the parties agreed that the consent judgment "shall be recorded on the public records of the parish where each Parcel is situated."[9]

In their motion, Katie and Rafe state that they "are lawful heirs of Rafe Silverstein, Jr., whose succession remains open in the 22nd Judicial District Court."[10] They allege that the parties failed to join them and other "indispensable heirs" prior to entering the consent judgment "despite their vested interest in the succession of Rafe, Jr.,"[11] and that their "property interests [in the parcels] were directly and materially affected by the 2008 Consent Judgment."[12]

---

[4] *See id.*

[5] *See* R. Doc. Nos. 27–28. The Court notes that this case was transferred to the undersigned on September 18, 2025. *See* R. Doc. No. 29.

[6] *See* R. Doc. No. 27, at 3–6.

[7] *See id.* at 2.

[8] *See* R. Doc. No. 28, at 2 ("Rafe Silverstein, Jr. and Juanita Helen Delcuze Silverstein each inherited a 50% interest in immovable property . . . from the succession of Rafe Silverstein, Sr. . . .").

[9] R. Doc. No. 27, at 6.

[10] *See* R. Doc. No. 28, at 2.

[11] *See id.*

[12] *See id.*

Additionally, they allege that plaintiffs' counsel, Mike G. Crow, "omitted reference to related cases in state court, including the open succession of Rafe Jr. . . . and the closed succession of Rafe Sr. . . ., thereby concealing material information from the Court."[13] They contend that they "received no notice, were not represented by a curator ad hoc under La. C.C.P. art. 1315, and were unlawfully excluded from proceedings directly affecting their inheritance rights."[14] The motion also states that the consent judgment "was later recorded in the public records of St. Tammany Parish and Orleans Parish and used to alienate succession property."[15]

Katie and Rafe W. argue that the consent judgment should be vacated due to fraud on the court pursuant to Federal Rule of Civil Procedure 60(d)(3).[16] The alleged fraud includes:

   a. Failure to join indispensable heirs, in violation of Fed. R. Civ. P. 19;
   b. Concealment of [Katie and Rafe W.'s] existence and ownership rights, depriving them of due process guaranteed by the Fifth and Fourteenth Amendments;
   c. Misrepresentation of Anne McCutchen Silverstein's authority as usufructuary, contrary to La. C.C. arts. 568-576, which prohibit a usufructuary from unilaterally partitioning immovable property;
   d. Improper reliance on a minor plaintiff (Rachel Ward Silverstein) to create the false appearance of heir representation;
   e. Partition contrary to Louisiana law, including La. C.C.P. arts. 4606-4613, which require equal division among all co-owners;
   f. Omission of related successions on the Civil Cover Sheet, concealing material information from the Court and frustrating proper judicial review.[17]

---

[13] *See id.* at 2–3.

[14] *See id.* at 3.

[15] *See id.*

[16] *See* R. Doc. No. 28, at 2–3.

[17] *See id.* at 3.

They ask the Court to: vacate and annul the consent judgment; declare the partition of the parcels "null and void ab initio;" order that all lawful heirs, including themselves, be recognized as indispensable parties in any future proceedings; order a full accounting of all property and transactions conducted pursuant to the consent judgment; enjoin further alienation or encumbrance of the parcels pending proper adjudication; and "[g]rant such other relief as this Court deems just and proper."[18]

The Court ordered Anne, through her counsel of record at the time, and Helen, through regular mail at her last known address, to respond to the motion to vacate by October 2, 2025.[19] Neither party filed a response. On October 2, 2025, Katie and Rafe W. filed a "notice of non-opposition"[20] to their motion, in which they argue that "[p]ursuant to Local Civil Rule 7.5 . . . the failure to file a timely opposition may be deemed a waiver of opposition to the motion."[21]

---

[18] *See id.* at 4.
[19] *See* R. Doc. No. 30.
[20] R. Doc. No. 31.
[21] *See id.* at 2. Local Rule 7.5 states: "Each party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date. If the opposition requires consideration of facts not in the record, counsel must also file and serve all evidence submitted in opposition to the motion with the memorandum. The party that filed the motion may file and serve a reply brief in support of the motion no later than 4:00 p.m., two working days before the noticed submission date.  Motions shall be decided by the court on the basis of the record, including timely filed briefs and any supporting or opposing documents filed therewith." Nothing in the rule supports Katie and Rafe W.'s contention that failure to respond shall constitute waiver, and the Court will evaluate their motion notwithstanding the parties' failure to respond.

4

# I.    STANDARDS OF LAW

Federal Rule of Civil Procedure 60 governs relief from a judgment or order. *See* Fed. R. Civ. P. 60. Rule 60(b) enumerates six grounds upon which a party may seek relief from a final judgment. *See* Fed. R. Civ. P. 60(b). Those grounds include:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Rule 60(c) explains that a motion for relief based on these enumerated grounds "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." *See* Fed. R. Civ. P. 60(c).

Notwithstanding Rules 60(a)–(c), Rule 60(d)(3) states that the rule "does not limit a court's power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Courts have interpreted Rule 60(d)(3) to mean that "a claim of fraud on the court may be raised by a non-party." *See Staten v. City of D'Iberville*, No. 13-212, 2019 WL 13438024, at *2 (S.D. Miss. Mar. 11, 2019) (quoting *Southerland v. Irons*, 628 F.2d 978, 980 (6th Cir. 1980)); *cf.* Fed. R. Civ. P. 60(b) ("On motion and just terms,

the court may relieve *a party or its legal representative* from a final judgment, order, or proceeding for the following reasons:" (emphasis added)).

Additionally, the Fifth Circuit has interpreted Rule 60 to mean that a motion brought pursuant to 60(d)(3) is "not subject to any time limitation." *Haskett v. W. Land Servs., Inc.*, 761 F. App'x 293, 297 (5th Cir. 2019). As the Fifth Circuit has explained, "Rule 60(d)(3) functions as a saving clause: it allows courts to 'set aside a judgment for fraud on the court' without a strict time bar." *See Jackson v. Thaler*, 348 F. App'x 29, 34 (5th Cir. 2009).

"The standard for fraud on the court is, as a consequence, demanding." *Jackson*, 348 F. App'x at 34. "Establishing fraud on the court requires proving 'only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated.'" *Haskett*, 761 F. App'x at 297 (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1337–38 (5th Cir. 1978)); *see also Curtis v. Brunsting*, 860 F. App'x 332, 336 (5th Cir. 2021). "Fraud on the court is a 'narrow concept' and 'should embrace only the species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner.'" *Preyor v. Davis*, No. 10-857, 2017 WL 4481212, at *2 (W.D. Tex. July 24, 2017) (quoting *Wilson v. Johns–Manville Sales Corp.*, 873 F.2d. 869, 872 (5th Cir. 1989)). "It is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *See Curtis*, 860 F. App'x at 336.

Notwithstanding the lack of strict time bar, this demanding standard "requires that [the] material subversion of the legal process" alleged "could not have been exposed within the one-year window provided by what is now Rule 60(c)." *Jackson*, 348 F. App'x at 34–35 (internal quotations omitted); *see also Staten*, 2019 WL 13438024, at *3 ("Precisely because there is no deadline for asserting fraud on the court, such a motion must allege the kind of fraud that ordinarily couldn't be discovered, despite diligent inquiry, within a year, such as in cases where there are no grounds for suspicion and the fraud comes to light serendipitously.").

The movant has "the burden to establish that there was fraud on the court by clear and convincing evidence." *See Haskett*, 761 F. App'x at 297.

## II.    ANALYSIS

Katie and Rafe W. have not met their burden of establishing fraud on the court such that vacatur is warranted. First, "[i]t is a well-settled rule that the mere nondisclosure . . . to the court of facts pertinent to a controversy before the court does not add up to 'fraud upon the court' for purposes of vacating a judgment under Rule 60(b)." *Haskett*, 761 F. App'x at 297 (finding insufficient for a fraud-on-the-court claim that a defendant did not reveal that it maintained a physical presence in Texas at the time that it claimed the Texas court did not have personal jurisdiction). The fact that Katie and Rafe W. were not explicitly mentioned in the consent judgment, without evidence of more, cannot carry their burden of demonstrating fraud on the court.

Even if Mr. Crow should have included the succession of Rafe Jr. in the civil cover sheet's "related case(s)" section, the record does not demonstrate that he

fabricated evidence or otherwise was trying to conceal the possibility of other heirs from the court in "an unconscionable plan or scheme" to materially subvert the legal process. *See Curtis*, 860 F. App'x at 336.

The proposed consent judgment explicitly references the Succession of Rafe Jr., including the case number and judicial district of the case.[22] Moreover, the consent judgment recognizes the possibility of other owners of the undivided one-half interest in the parcels owned by Rachel: "Rachel Ward Silverstein has a naked ownership of forty percent (40%) of an undivided one-half (1/2) interest in the properties identified . . ., which, *along with the remaining sixty (60) percent*, is subject to Anne Silverstein's lifetime usufruct."[23] The Court cannot conclude that Mr. Crow's "[o]mission of related successions on the Civil Cover Sheet," amounts to him "concealing material information from the Court and frustrating proper judicial review."[24] Nor can the Court conclude that including Rachel as a represented party in the pleadings was done "to create the false appearance of heir representation."[25]

Moreover, Katie and Rafe W. confirm that the consent judgment was "later recorded in the public records of St. Tammany Parish and Orleans Parish."[26] But their motion does not explain when the consent judgment was recorded, which is

---

[22] *See* R. Doc. No. 26, at 2 ("This judgment arises from an Amended Judgment of Possession, in the Succession of Rafe Silverstein, Jr., number 2005-30363, in the 22nd District of the Judicial District for the Parish of St. Tammany, State of Louisiana.").

[23] *See id.* at 2–3.

[24] *See* R. Doc. No. 28, at 3.

[25] *See id.*

[26] R. Doc. No. 28, at 3.

pertinent in determining whether the alleged fraud "could not have been exposed within [a] one-year window." *Jackson*, 348 F. App'x at 34–35.

As the movants, Katie and Rafe W. carry the burden of demonstrating fraud on the court by clear and convincing evidence. *See Haskett*, 761 F. App'x at 297. Katie and Rafe W. have not provided any evidence to support their conclusory allegation that they are indispensable heirs to the two parcels. *Cf. White v. Garcia*, No. 11-60771, 2012 WL 760806, at *1 (S.D. Fla. Mar. 7, 2012) (declining to dismiss the suit for failure to join indispensable parties where the plaintiff "failed to establish that these two parties [were] indispensable as she provides no explanation whatsoever for her contention"); *Davis v. Wal-Mart Stores, E. LP*, No. 14-375, 2019 WL 3720054, at *3 (S.D. Miss. Aug. 7, 2019) (declining to grant plaintiff's motion for relief pursuant to Rule 60(d)(3) because "[p]laintiff offer[ed] no evidence to corroborate her accusations" of fraud). Without this evidence, the Court cannot infer fraud on the court from the fact that they were not joined in the action.

For the foregoing reasons, the Court finds Katie and Rafe W. have failed to meet the demanding requirements of a motion for fraud on the court pursuant to Rule 60(d)(3).

### III.   CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, October 27, 2025.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**