UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANNE SILVERSTEIN** | **CIVIL ACTION** |
| **VERSUS** | **No. 07-4057** |
| **HELEN JUANITA SILVERSTEIN** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion[1] to alter or amend judgment, pursuant to Federal Rule of Civil Procedure 59(e) or, in the alternative, a renewed motion pursuant to Federal Rules of Civil Procedure 60(b)(3) and 60(d)(3). The motion was filed by Katie Constance Silverstein ("Katie") and Rafe Whited Silverstein ("Rafe W.") (collectively, "movants"), who are not parties in the above-captioned action. The motion asks this Court to "alter or amend" its order[2] denying the movants' motion[3] to vacate the consent judgment[4] entered on September 10, 2008 (the "consent judgment"). Movants base their present motion on "new evidence that directly addresses the evidentiary gaps identified in the Court's prior Order and shows clear error of law and fact if the judgment stands."[5] This new evidence includes documents that movants contend "were not previously before the Court due to financial and pro se limitations."[6]

---

[1] R. Doc. No. 33.
[2] R. Doc. No. 32.
[3] R. Doc. No. 28.
[4] R. Doc. No. 27.
[5] R. Doc. No. 33, at 2.
[6] *Id.*

Movants also filed a motion[7] for leave to file an erroneously omitted Exhibit A to their present motion. Because it appears that Exhibit A was omitted erroneously,[8] and considering the leniency granted *pro se* litigants, the Court will grant movants' motion[9] for leave to file the omitted Exhibit A.[10] However, as will be explained below, neither this "new" exhibit nor the other newly presented evidence proffered by movants is sufficient to demonstrate that they are entitled to the relief they seek. For this reason, the Court will deny movants' Rule 59(e) motion[11] or, alternatively, renewed motion pursuant to Rules 60(b) and 60(d)(3).

## I.  BACKGROUND

The above-captioned matter was initiated by plaintiff Anne Silverstein ("Anne"), on behalf of herself and her daughter Rachel Ward Silverstein ("Rachel"), on August 10, 2007.[12] According to the operative complaint,[13] Anne possessed a lifetime usufruct of an undivided one-half interest in two parcels of real property and Rachel was a naked owner of forty percent of that undivided one-half interest, subject to Anne's lifetime usufruct; defendant Helen Juanita Silverstein ("Helen") owned the

---

[7] R. Doc. No. 34.
[8] *Compare* R. Doc. No. 33, at 14 (listing Exhibit A as "Last Will & Testament of Rafe Silverstein, Jr. (March 14, 2005)"), *with* R. Doc. No. 33-4 (labeled Exhibit A and containing only a single, blank page).
[9] R. Doc. No. 34.
[10] *See* R. Doc. No. 34-1 (Proposed Exhibit A).
[11] R. Doc. No. 33.
[12] *See* R. Doc. No. 1.
[13] The complaint was amended on September 25, 2007. *See* R. Doc. No. 8. Record document numbers 1 and 8 collectively constitute the "operative complaint." *See* R. Doc. Nos. 1, 8.

2

other undivided one-half interest in the parcels.[14] The operative complaint explains that Anne and Rachel wanted to partition the properties, but that they and "Helen ha[d] been unable to agree on the terms of non-judicial partition of the properties."[15] The parties independently resolved their dispute in July 2008,[16] and formalized their agreement in the consent judgment[17] that was signed by another section of this Court on September 10, 2008.[18]

Pursuant to the consent judgment, the parties agreed to sell one of the two parcels and partition the other.[19] The consent judgment explains that Anne and Rachel's interests in the parcels arose from the Succession of Rafe Silverstein, Jr. ("Rafe Jr.").[20] Helen's interest in the parcels arose from the Succession of Rafe Silverstein, Sr.[21] The consent judgment also indicates that the parties agreed that the consent judgment "shall be recorded on the public records of the parish where each Parcel is situated."[22]

---

[14] R. Doc. No. 1, at 1–2; *see also* R. Doc. No. 8, at 2.
[15] R. Doc. No. 1, at 2; R. Doc. No. 8, at 2.
[16] R. Doc. No. 23, at 1.
[17] *See* R. Doc. No. 26.
[18] R. Doc. No. 27. The Court notes that this case was transferred to the undersigned on September 18, 2025. *See* R. Doc. No. 29.
[19] *See id.* at 3–6.
[20] *See id.* at 2.
[21] *See* R. Doc. No. 28, at 2 ("Rafe Silverstein, Jr. and Juanita Helen Delcuze Silverstein each inherited a 50% interest in immovable property . . . from the succession of Rafe Silverstein, Sr. . . .").
[22] R. Doc. No. 27, at 6.

In their motion[23] to vacate, which they filed more than seventeen years after the consent judgment was executed,[24] movants stated that they "are lawful heirs of Rafe Silverstein, Jr., whose succession remains open in the 22nd Judicial District Court."[25] They alleged that the parties failed to join them and other "indispensable heirs" prior to entering the consent judgment "despite their vested interest in the succession of Rafe, Jr.,"[26] and that their "property interests [in the parcels] were directly and materially affected by the 2008 Consent Judgment."[27] Additionally, they alleged that plaintiffs' counsel, Mike G. Crow, "omitted reference to related cases in state court, including the open succession of Rafe Jr. . . . and the closed succession of Rafe Sr. . . ., thereby concealing material information from the Court."[28]

Movants argued that they "received no notice, were not represented . . . and were unlawfully excluded from proceedings directly affecting their inheritance rights."[29] They argued accordingly that the consent judgment should be vacated due to fraud on the court pursuant to Federal Rule of Civil Procedure 60(d)(3).[30]

This Court denied movants' motion to vacate on October 27, 2025.[31] It found that movants could not meet their burden of establishing fraud on the court pursuant

---

[23] R. Doc. No. 28.
[24] *See* R. Doc. Nos. 27–28.
[25] *See* R. Doc. No. 28, at 2.
[26] *See id.*
[27] *See id.*
[28] *See id.* at 2–3.
[29] *See id.* at 3.
[30] *See id.* at 2–3.
[31] *See* R. Doc. No. 32.

to Rule 60(d)(3), because they had failed to show by "clear and convincing" evidence that the parties or their attorney "fabricated evidence or otherwise [attempted to] conceal the possibility of other heirs from the court in 'an unconscionable plan or scheme' to materially subvert the legal process."[32] Additionally, the Court found that it could not "infer fraud on the court from the fact that they were not joined in the action" because movants had "not provided any evidence to support their conclusory allegation that they are indispensable heirs to the two parcels."[33]

Shortly thereafter, on November 26, 2025, movants filed the present motion to alter or amend judgment pursuant to Rule 59(e) or, alternatively, requested that the motion be construed pursuant to Rules 60(b) and 60(d)(3).[34] The motion presents "new evidence" that movants contend "directly addresses the evidentiary gaps identified in the Court's prior Order."[35] This evidence includes "probate instruments, succession judgments of possession, clerk records, and public-conveyance documents."[36] Notably, the newly presented evidence includes a copy of the Last Will and Testament of Rafe Silverstein Jr. (the "Will"), which movants contend identifies them as heirs and naked owners and clarifies the scope of Anne's usufructuary interest in the parcels at issue.[37]

---

[32] *Id.* at 8 (quoting *Curtis*, 860 F. App'x at 336).
[33] *Id.* at 9.
[34] *See* R. Doc. No. 33.
[35] *Id.* at 2.
[36] *Id.*; *see also* R. Doc. Nos. 33-4–33-17, 34-1.
[37] *See* R. Doc. No. 34, at 2–3.

5

Aside from presenting this new evidence, movants' motion largely parrots their previous motion.[38] Still, movants submit that this new evidence now demonstrates that this Court's previous order "underestimated . . . the gravity of the misconduct,"[39] and likewise now "satisfies the 'fraud on the court standard' and shows manifest error" should the consent judgment stand.[40] Movants again ask this Court to vacate the consent judgment and further request that the Court "restore administration of these immovables to the Louisiana succession court."[41]

## II.   LAW AND ANALYSIS

Movants' motion fails whether construed pursuant to Rule 59(e), 60(b), or 60(d).[42] First, the new evidence is not "newly discovered" as contemplated by either

---

[38] *Compare* R. Doc. No. 28, *with* R. Doc. No. 33.
[39] R. Doc. No. 33, at 11.
[40] *Id.* at 10.
[41] *See id.* at 2, 12.
[42] The Court notes that the question of which procedural rule applies to a motion for reconsideration depends on the timing of such a motion. *Sentry Select Ins. Co. v. Home State Cty. Mut. Ins. Co.*, 582 F. App'x 284, 286 (5th Cir. 2014) (citation omitted). A motion for reconsideration filed within twenty-eight days of the district court judgment being challenged is characterized as a motion to alter or amend the judgment and construed pursuant to Rule 59(e). *See id.* A motion for reconsideration filed more than twenty-eight days after the judgment or order being challenged is treated as a Rule 60(b) motion. *See id.* The standard for evaluating a motion pursuant to Rule 59(e) is "less exacting than the standards enunciated in Rule 60(b)." *Godfrey v. First Student*, No. 23-7377, 2024 WL 4268401, at *3 (E.D. La. Sept. 23, 2024) (Currault, M.J.).

Movants filed their motion twenty-*nine* days after this Court issued its order. *See* R. Doc. No. 32 (filed on October 27, 2025), R. Doc. No. 33 (filed on November 26, 2025). Accordingly, a Rule 60(b) analysis would be appropriate, notwithstanding movants' misidentification of their motion as arising under Rule 59. *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012); *see also Thompson v. Sharad*, 788 F. App'x 971, 972 (5th Cir. 2019) (holding the *pro se* plaintiff to the twenty-eight-day

6

Rule 59(e) or Rule 60(b). Rather, the evidence is "merely newly produced" for this Court's consideration. *Cf. Johnson Waste Materials v. Marshall,* 611 F.2d 593, 598 (5th Cir. 1980) (internal quotations omitted) (denying the movant's Rule 60(b) motion because the evidence was not "newly discovered;" "Given [the movant's] testimony that he 'just couldn't find' the cancelled checks at the time of trial because he 'just had misplaced them at home' and other statements to that effect, we agree with the lower court that the evidence was not 'newly discovered' but merely 'newly produced.'"); *Matador Petroleum Corp. v. St. Paul Surplus Lines Ins. Co.,* 174 F.3d 653, 658 n.1 (5th Cir. 1999) (upholding the denial of a Rule 59(e) motion for reconsideration because the movant had "fail[ed] to explain why the evidence was not available prior to the district court's" initial ruling on the motion; "[this] failure . . . constitutes a valid basis for denying [the movant's] Motion for Reconsideration.").

In fact, movants concede as much. They state in their motion that they knew much of this evidence "existed"[43] but that they did not have access to it due to

---

time requirement of Rule 59(e)); *Nicolais v. Cheramie*, No. 23-7094, 2024 WL 4591802, at *1 (E.D. La. Oct. 28, 2024) (Guidry, J.) ("[A] pro se litigant cannot avoid procedural requirements."). However, given the fact that movants' motion fails under either standard, the Court need not resolve whether movants, as *pro se* litigants, should be afforded leniency for filing their motion only one day late for purposes of Rule 59(e).

[43] Movants state that "[s]ome of these records were only recently discovered." R. Doc. No. 33, at 4. However, they do not indicate which documents were recently discovered, and they nevertheless provide no satisfactory explanation for why the documents that were *not* recently discovered were not presented to this Court for consideration of their initial motion. *See id.*

7

"financial hardship"[44] and otherwise "did not understand that [this evidence] had to be submitted as formal exhibits to satisfy the evidentiary burden" of their motion.[45] Indeed, their motion indicates that they sought to obtain the evidence only "[a]fter reviewing the Court's Order and recognizing that these . . . records were essential."[46]

While the Court acknowledges the legal-knowledge and access barriers that movants face as *pro se* litigants with respect to "federal evidentiary practice" and obtaining state court documents, movants cannot avoid the fact that the evidence could have been discovered with due diligence and presented to this Court prior to it rendering its initial decision. *See Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019) (holding that a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that *could have been offered* or raised before the entry of judgment." (emphasis added) (internal quotations omitted)); *Osborne v. Belton*, 131 F.4th 262, 270 (5th Cir. 2025) (holding that the movant "had the opportunity to introduce this evidence . . . yet failed to do so" and therefore "it was not 'newly discovered,' and [the movant] did not exercise the requisite due diligence in presenting it to the court" as is required by Rule 60(b)).

---

[44] Movants explain that "[a]ccess to the St. Tammany Parish and Orleans Parish clerk of court online systems requires paid subscriptions and per-document fees" which movants "did not have ongoing access to . . . during their earlier filings in this matter." *Id.* at 3. They state that they obtained these documents "[a]s soon as [they] were able to secure the funds for clerk subscriptions and document downloads." *Id.* Movants do not represent or explain why they could not have secured the funds necessary to obtain these documents prior to filing their initial motion. *See id.* at 3–4.
[45] *Id.* at 4.
[46] *Id.*

Second, and more importantly, even were the Court to consider the evidence now proffered by movants, this "new" evidence hurts rather than helps movants meet their burden of demonstrating fraud on the court pursuant to Rule 60(d)(3). As explained in the Court's previous order[47] and reasons denying movants' motion to alter or amend the consent judgment, to succeed on a Rule 60(d)(3) motion "[i]t is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *See Curtis v. Brunsting*, 860 F. App'x 332, 336 (5th Cir. 2021). Movants carry "the burden to establish that there was fraud on the court by clear and convincing evidence." *See Haskett v. W. Land Servs., Inc.*, 761 F. App'x 293, 297 (5th Cir. 2019).

It is movants' position that the evidence demonstrating that they hold naked ownership interest in the parcels, that Anne holds only a usufructuary interest in the parcels, and the fact that they were never joined nor otherwise represented in the action is sufficient to meet their burden of establishing fraud on the court.[48] The Court disagrees.

First, nothing in movants' new evidence or motion addresses the Court's previous finding that the consent judgment does not conceal and, in fact, recognizes the possibility of other owners of the undivided one-half interest in the parcels.[49] Furthermore, the newly presented Will of Rafe Jr.,[50] which movants acknowledge is

---

[47] R. Doc. No. 32.
[48] *See generally* R. Doc. No. 33.
[49] *See* R. Doc. No. 32, at 8.
[50] *See* R. Doc. No. 34-1.

9

"essential to the issues" of their naked ownership and Anne's rights and obligations as a usufructuary, seems to "specifically provide" Anne the power to sell or "dispose of" her interest in the parcels and states that her usufruct "shall attach to the proceeds of such sale or other disposition."[51]

Movants contend that the Louisiana Civil Code "make[s] clear that the usufructuary may not alienate or encumber the naked owners' title absent their consent,"[52] but movants misquote the relevant Louisiana Civil Code article.[53] The version of Louisiana Civil Code art. 568 effective at the time that the consent judgment was entered states in relevant part: "The usufructuary does not have the right to dispose of nonconsumable things *unless the right has been expressly granted to him.*" La. Civ. Code art. 568 (emphasis added). This article, as well as Louisiana caselaw, supports rather than undermines the possibility that Anne's partition and sale of the parcels through the consent judgment, without inclusion of all the naked owners, was proper and not fraudulent. *See Succession of Malbrough*, 685 So. 2d 631, 633 (La. Ct. App. 1996), *writ denied*, 690 So. 2d 39 (La. 1997), ("Ordinarily the

---

[51] *See id.* at 1–2 ("I further specifically provide that the usufructuary shall have full and complete right, power and authority to dispose of non[-]consumables . . . . I further specifically provide that if any property subject to the usufruct, including non-consumables, should be sold or otherwise disposed of during the existence of the usufruct, then the usufruct shall not terminate but shall attach to the proceeds of such sale or other disposition and the reinvestment thereof.").
[52] R. Doc. No. 33, at 9; *see also id.* ("A usufructuary's power over non-consumables excludes the right to alienate or partition title without the naked owners' consent.").
[53] R. Doc. No. 33-17, at 3 (incorrectly quoting La. Civ. Code art. 568 as "The usufructuary of nonconsumables has the right to possess them and to derive utility from them, but he may not alienate them or encumber them.").

usufructuary does not have the right to dispose of nonconsumable things; *however, he may do so when the right has been expressly granted to him*." (citing LA. CIV. CODE art. 568) (emphasis added)).

To be clear, the Court takes no position with respect to whether it was proper for Anne to enter into the consent judgment without the consent of movants or the other naked owners.[54] That question is properly determined by the state court equipped to interpret Rafe Jr.'s Will, and movants are free to explore the potential state law avenues for the relief they seek with the proper court. *See, e.g.*, LA. CIV. CODE art. 623 ("The usufruct may be terminated by the naked owner if the usufructuary commits waste, *alienates things without authority*, neglects to make ordinary repairs, or abuses his enjoyment in any other manner." (emphasis added)). The Court merely finds for purposes of the present motion that it is not "clear and convincing" from Rafe Jr.'s Will or the other evidence presented in movants' motion that the consent judgment was the result of "an unconscionable plan or scheme which [wa]s designed to improperly influence the court in its decision." *Curtis*, 860 F. App'x at 336.

### III. CONCLUSION

For the foregoing reasons,

---

[54] *Cf. Shop Rite, Inc. v. Gardiner,* 2021 WL 5925774, at *13 (La. App. 3 Cir., 2021) (upholding the usufructuary's right to dispose of nonconsumable things "without the input from the naked owners" because both aspects were "expressly provided for in [the] will"); *see id.* at *1 (quoting the will: "[The usufructary has] the right to sell, exchange, or otherwise dispose of such property, *without the consent of the naked owners*, throughout the term of the usufruct.").

11

**IT IS ORDERED** that movants' motion[55] to alter or amend judgment is **DENIED**.

**IT IS FURTHER ORDERED** that movants' motion[56] for leave to file is **GRANTED**.

New Orleans, Louisiana, January 12, 2026.

                                                              **LANCE M. AFRICK**
                                            **UNITED STATES DISTRICT JUDGE**

---

[55] R. Doc. No. 33.
[56] R. Doc. No. 34.